they could not collect an assessment because of defects in proceedings preliminary to the awarding of the contract."

Verdict directed for the defendant.
Verdict for defendant.

(115 App. Div. 117)

### APPELBAUM v. STAR FIRE INS. CO. OF LOUISVILLE. KY.

(Supreme Court, Appellate Division, First Department. October 19, 1906.)

1. INSURANCE—FOREIGN CORPORATIONS—SERVICE OF PROCESS.

Laws 1892, p. 1945, c. 690, § 30, prohibits any foreign insurance company from transacting business in the state until it shall have appointed the superintendent of insurance its attorney, upon whom process may be served. *Held*, that where, in an action against a foreign insurance company, the superintendent of insurance admitted on behalf of defendant due service of process, defendant could not attack the service on the ground that it was not personally made on the superintendent.

2. JUDGMENT—DEFAULT—VACATION.

Where, in an action against a foreign insurance company, the commissioner of insurance sent the summons and complaint to defendant, at its home office, but the papers were mislaid, whereby defendant failed to enter its appearance in time, it was proper for the court to open defendant's default.

Appeal from Special Term, New York County.

Action by Philip Appelbaum against the Star Fire Insurance Company of Louisville, Ky. From an order opening defendant's default, and allowing it to come in and defend the action, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

James A. Douglas, for appellant.
S. J. Rosenblum, for respondent.

INGRAHAM, J.   This action was commenced against a foreign insurance company to recover for a loss covered by a policy of insurance. Process was served upon the superintendent of insurance at Albany on the 1st day of June, 1906, and service of process was duly admitted by him under section 30 of the insurance law (chapter 690, p. 1945, of the Laws of 1892). It appears that the commissioner of insurance sent the summons and complaint served on him to the defendant at its home office which was duly received, but mislaid; and, in consequence of that mistake appearance was not entered in time. The defendant claims that the service was irregular because it was not made personally upon the superintendent of insurance, but the superintendent admitted, on behalf of the defendant, due service of the summons and complaint, and we think there can be no question but that the service was regular. The motion to set aside the judgment on account of irregular service should not have been granted. The relief asked for by the defendant was also to open his default and allow him to come in and defend, and, as the court imposed terms as a condition for allowing the defendant to answer, it is quite apparent that the

motion that was granted was to open the default, and not to set aside the judgment, upon the ground that the service of process was irregular. We think it was quite proper for the court to open the default under the circumstances. There was no question as to the solvency of the defendant, and that the terms imposed by the court were sufficiently onerous.

It follows that the order appealed from opening the default, and allowing the defendant to come and defend the action, should be affirmed, with $10 costs and disbursements. All concur.